**Opinion issued November 26, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00055-CR

————————————

**ROBERT BENJAMIN FRANKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 22nd District Court**
**Hays County, Texas**
**Trial Court Case No. CR-16-0792**

---

## MEMORANDUM OPINION

Appellant, Robert Benjamin Franks, was found guilty by a jury of two counts of continuous aggravated sexual abuse involving two children; nine counts of aggravated sexual assault of a child; and six counts of indecency with a child. *See* TEX. PENAL CODE §§ 21.02 (Continuous Sexual Abuse of a Young Child or

Children); 22.021(a)(1)(B) (Aggravated Sexual Assault); 21.11 (Indecency with a Child). After a punishment hearing, the jury sentenced appellant to life imprisonment for each of the two counts of continuous sexual abuse of a child (Counts I and II); ninety-nine years' imprisonment for each of the nine counts of aggravated sexual assault (Counts III-V, VIII-X, and XIII-XV); and twenty years' imprisonment for each of the six counts of indecency with a child. Counts I and II are not parole eligible. *See* TEX. GOVT. CODE § 508.145(a). The trial court sentenced appellant in accordance with the jury's verdict and ordered that each count's sentence run consecutively to the other counts. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Appellant's counsel certified that he delivered a copy of the motion to withdraw and Anders brief to appellant and informed appellant of his right to file a pro se response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel certified that he sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). This Court granted appellant's pro se motion to access the appellate record and a copy of the record was sent to appellant. *See id.* Appellant filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155.[1] An appellant may challenge a

---

[1] Counsel's *Anders* brief identifies potential insufficiency of evidence arguments for three counts of aggravated sexual assault (Counts IV, IX, and XIV) and three counts of indecency with a child (Counts VI, XI, and XVI).

3

holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Accordingly, we affirm the judgments of the trial court and grant counsel's motion to withdraw.[2] *See* TEX. R. APP. P. 43.2(a). Attorney Gregory Sherwood must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

---

Counsel states the following in concluding that any argument as to the sufficiency of the evidence for these counts would be frivolous because reversal of the sentences for these counts would not have any practical effect on appellant's incarceration:

> However, any argument about whether the evidence is insufficient on these six counts just listed is moot because, while it would reduce the length of all the consecutive sentences (which greatly exceed a human's life span), it would not increase appellant's chances of parole eligibility, because the consecutive life sentences for Counts I and II are not parole eligible. Thus, even if this court were to reverse those six counts, the length of appellant's incarceration would not change as a practical matter because he is not eligible for parole on his two life consecutive sentences for Counts I and II.

We disagree that an insufficiency argument as to these counts is rendered moot or frivolous by appellant's separate consecutive life sentences without parole for Counts I and II. However, based upon our own independent review of the record, we conclude that an appeal of these counts would be frivolous because the record contains evidentiary support for these convictions.

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.

4

**PER CURIAM**

Panel consists of Justices Keyes, Goodman, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).